**IN THE UNITED STATES DISTRICT COUT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAM JEONG | * | |
| 5130 Brittney Elyse Circle, Apt. C | * | |
| Centreville, Virginia 20120 | * | |
| | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No.: |
| | * | |
| CHESAPEAKE BIG MARKET, INC. | * | |
| 601 Chesapeake Street, SE | * | |
| Washington, DC 20032 | * | |
| | * | |
|   SERVE: REGISTERED AGENT | * | |
|     Young Whan Lee | * | |
|     601 Chesapeake Street, SE | * | |
|     Washington, DC 20032 | * | |
| | * | |
|  and | * | |
| | * | |
| BYUNG H. JANG | * | |
| 601 Chesapeake Street, SE | * | |
| Washington, DC 20032 | * | |
| | * | |
|    Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW the Plaintiff, Sam Jeong ("Plaintiff"), by and through undersigned counsel, and hereby complains against Defendants Chesapeake Big Market, Inc. ("Market") and Byung H. Jang ("Jang") (together, "Defendants") to recover unpaid overtime pay, liquidated damages, and reasonable attorney's fees and costs under § 16(b) of the Federal Fair Labor Standards Act 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for grounds states as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the Commonwealth of Virginia.

2.      Market is a corporation formed under the laws of the District of Columbia, with its principal place of business located in Washington, D.C.  Market operates a grocery store in the District of Columbia.  At all times relevant, Market was Plaintiff's "employer" for purposes of the FLSA.

3.      At all times relevant, Jang was the President and principal owner of Market.  At all times relevant, Jang was Plaintiff's supervisor and determined Plaintiff's rate and method of pay.  At all times relevant, Jang was Plaintiff's "employer" for purposes of the FLSA.

4.      At all times relevant, Market was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  At all times relevant, Market qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiff was an employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6.      Plaintiff worked for Defendants from about November 1, 2008 through May 23, 2010.  While in Defendants' employ, Plaintiff's job duties included stocking grocery products and working as a cashier.

2

9.     While in Defendants' employ, Plaintiff regularly worked five (5) days per week for a total of fifty-eight (58) hours each week.  On each Tuesday, Wednesday, Thursday, and Friday, Plaintiff worked 8:00 AM through 8:00 PM.  On each Sunday, Plaintiff worked 9:00 AM through 7:00 PM.

10.     At all times, Defendants paid Plaintiff a set weekly salary.  For approximately the first two (2) months of Plaintiff's employment, Defendants paid Plaintiff a weekly salary in the amount of $640.00.  Thereafter, and through the end of his employment, Defendants paid Plaintiff a weekly salary in the amount of $660.00 per week.

11.     At all times, Defendants salary to Plaintiff only compensated Plaintiff in straight pay for hours worked.  At no time did Defendants calculate or pay Plaintiff his "half time premium" as required for hours worked in excess of forty (40) each week.

12.     As set forth above, Plaintiff regularly worked many hours of overtime each week he worked for Defendants.  Defendants, however, failed and refused to compensate Plaintiff for overtime hours worked according to the requirements of law.  Specifically, Defendants failed and refused to pay Plaintiff at the rate of one-and-one-half (1½) times his regular rate or pay for hours worked per week in excess of forty (40).

13.     At no time while in Defendants' employ did Plaintiff perform work that is exempt from the overtime pay requirements of the FLSA.

## CAUSE OF ACTION

### COUNT I
### (Violation of Fair Labor Standards Act)

14.  Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-13 as if each were set forth herein.

15.  Section 207(a)(1) of the FLSA provides that:

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

16.  At all times relevant, Plaintiff was Defendants' "employee" and Defendants were Plaintiff's "employers" pursuant to the FLSA. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times his regular hourly rate for hours worked each week in excess of forty (40).

17.  Despite Plaintiff regularly working many hours in excess of forty (40) each week, Defendants failed and refused to compensate Plaintiff for overtime hours worked at the rate of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40). Overtime pay is therefore due and owing to Plaintiff in an amount to be determined.

18.  Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

4

WHEREFORE, Plaintiff prays that he be awarded judgment against Defendants, jointly and severally, for unpaid overtime wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*